

w/proposed order

08-51086

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUDGE THOMAS L. LUDINGTON

IN RE: Request from India
Pursuant to the Treaty on Mutual
Assistance in Criminal Matters
Between the United States
of America and the Republic
of India in the Matter of R.L. Rajak,
and Others

Misc No. 08-

**FILED**

NOV -7 2008

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

APPLICATION FOR ORDER PURSUANT TO AN AGREEMENT
ON MUTUAL LEGAL ASSISTANCE IN CRIMINAL MATTERS
AND TITLE 28, UNITED STATES CODE, SECTION 1782

The United States of America petitions this Court for an Order, pursuant to Article 5 of the Treaty on Mutual Assistance in Criminal Matters Between the United States of America and the Republic of India, which entered into force October 1, 2005, 28 U.S.C. § 1782, and the Court's own inherent authority, appointing Barbara Colby Tanase as Commissioner to collect evidence from witnesses and to take such other action as is required to execute the attached request from India made pursuant to said Treaty.

**BRIEF**

The United States is seeking an order appointing a commissioner to collect evidence requested by India in its attached request made pursuant to the Treaty on Mutual Assistance in Criminal Matters Between the United States of America and the Republic of India, which entered into force October 1, 2005, (hereinafter referred to as the "Treaty").

A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty

1

have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. Schooner Peggy, 5 U.S. 103 (1801); In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

A. The Treaty

The United States and India entered into the Treaty for the purpose of improving the "effectiveness of the law enforcement authorities of both countries... through cooperation and mutual legal assistance in criminal matters." Preamble to the Treaty. The Treaty obliges each party to provide assistance to the other in connection with the investigation, prosecution and prevention of offences, and in proceedings related to criminal matters. Article 1(1). Assistance includes taking testimony or statements of persons, providing documents, records, and evidence, locating or identifying persons, serving documents, transferring persons in custody for testimonial purposes, executing requests for searches and seizures, and assisting in forfeiture proceedings. Article 1(2). See Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986).

The Treaty empowers federal district courts to execute treaty requests in order to comply with the United States' treaty obligation. Article 5(1) provides that:

The competent authorities of the Requested State shall do everything in their

2

> power to execute the request. The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal district courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the Requested State from whom evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce items, including documents and records.

B. <u>Use of the Treaty to Execute Requests for Assistance</u>

The Treaty is designed to be self-executing and requires no implementing legislation. Letter of Submittal of the Treaty to the President from the Department of State, January 9, 2002. Even so, it contains little in the way of a procedural framework for executing requests. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. § 1782, the statute governing the provision of assistance for foreign judicial proceedings generally, as the "procedural vehicle" to fulfill their judicial responsibility under the Treaty of executing such requests. <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

1. <u>Appointment of a commissioner</u>

Section 1782 provides in pertinent part:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence

collected to the requesting foreign court or authority. "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). With requests from foreign authorities for assistance in criminal matters, a court typically appoints an Assistant U.S. Attorney as commissioner.

The application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is generally made ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

2. Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 31 (S.D.N.Y. 1991). However, as § 1782 makes clear, when a court does specify a procedure other

than the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a); Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1098 (2d Cir. 1995). In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003).

a. Commissioner's subpoena

Article 5(1) of the Treaty provides for the issuance of procedural documents, such as subpoenas, to effectuate the gathering of evidence, as follows:

> The competent authorities of the Requested State shall do everything in their power to execute the request. The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

If a federal district court so orders, a commissioner may use the attached form, entitled "commissioner's subpoena," to obtain the requested evidence. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both Article 5 of the Treaty and § 1782. See 28 U.S.C. § 1651; White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to

facilitate disposition of the matter before it). Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

A court, in keeping with its obligation to design effective and expeditious procedures to promote the purpose of the Treaty, may authorize service of commissioner's subpoenas anywhere within the territory of the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions pursuant to Rule 17, Federal Rules of Criminal Procedure). The § 1782 limitation on the court's power to compel to "the district in which a person resides or is found" is inoperative in executing a treaty request. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

b. Notice of evidence taking

Inasmuch as subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to other than the recipients (i.e., no notice to targets, defendants, or third parties), commissioner's subpoenas issued in execution of treaty requests likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena. To the extent that execution of a request entails the production of bank or financial records otherwise covered by the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder inasmuch as the Act does not apply in the execution of foreign legal assistance requests. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989); In re Letter of Request for Judicial Assistance from the Tribunal

Civil De Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).

C. The Present Request

The Court of Special Judge for Central Bureau of Intelligence (CBI) Cases, Ambala, Haryana, India has made the instant treaty request in connection with a criminal proceeding by CBI. The CBI is conducting an investigation of Indian Government Officials, including Dr. R.L. Rajak, for their involvement in corrupt practices with Dow Chemical Company and has asked for assistance in obtaining documents as enumerated in Section A(2) on page 5 of the request and seeks depositions of certain Dow employees who were involved in the internal investigation audit, which revealed improper payments made to Indian Government officials as stated in Section B(ii) and (iii) on pages 8-9 of the request.

Accordingly, to execute this request, the United States moves this Court to issue the attached Order appointing the undersigned Assistant United States Attorney as commissioner, authorizing the undersigned to take the actions necessary, including the issuance of

commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

Dated: November 7, 2008

        Respectfully submitted,

        TERRENCE BERG
        ACTING UNITED STATES ATTORNEY

        Barbara Colby Tanase (P38539)
        Assistant United States Attorney
        Chief, Branch Offices
        **Primary Address:**
        600 Church St.
        Flint, MI 48502
        barbara.tanase@usdoj.gov
        810-766-5177
        **Mail for this case should be directed to:**
        101 First St., Suite 200
        Bay City, MI 48708
        989-895-5712